

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. L. L. Roberts
County Auditor
Hutchinson County
Stinnett, Texas

Dear Sir:

Opinion No. O-1854
Re: Should the one-half costs
to be paid the officers of
the court under Article 1055,
C. C. P., include commissions
on fines?

Your request for an opinion of this department
on the above stated question has been received.

Your letter reads as follows:

"You have rendered a number of opinions
on Article 1055 C. C. P. but there is one
point I believe you have not directly ruled
on, as follows:

"Should the one-half costs to be paid
the officers of the court include commissions
on fines?

"Article 1055 before being amended ex-
cluded commissions as part of the 'one-half
costs to be paid the officers' by the county,
but the article as amended provides 'for one-
half of the fees of the officers of the court.'

"Will you please advise me if the officers'
commissions on fines should be included as part
of the one-half costs to be paid by the county?"

Article 1055, C. C. P. reads as follows:

"The county shall not be liable to the

officer and witness having costs in a misde-
meanor case where defendant pays his fine and
costs. The county shall be liable for one-
half of the fees of the officers of the Court,
when the defendant fails to pay his fine and
lays his fine out in the county jail or dis-
charges the same by means of working such fine
out on the county raods or on any county pro-
ject. And to pay such half of costs, the
County Clerk shall issue his warrant on the
County Treasurer in favor of such officer to
be paid out of the Road and Bridge Fund or
other funds not otherwise appropriated."

Chapter 3 of Title 12 of the Code of Criminal
Procedure regarding the collection of money in the name
or for the use of the State by officers charged by law
with such collections provides:

"Art. 944. All officers charged by law
with collecting money in the name or for the
use of the State shall report in writing un-
der oath to the respective district courts of
their several counties, on the first day of
each term, the amounts of money that have come
to their hands since the last term of their
respective courts aforesaid.

"Art. 945. Such report shall state:
1. The amount collected.
2. When and from whom collected.
3. By virtue of what process collected.
4. The disposition that has been made of
the money.
5. If no money has been collected, the re-
port shall so state.

"Art. 946. A report, such as is required
by the two preceding articles, shall also be
made of all moneys collected for the county,
which report shall be made to each regular term
of the commissioners court for each county.

"Art. 947. The officers charged by law
with the collection of money, within the meaning
of the three preceding articles, and who are re-
quired to make the reports therein mentioned,

are: District and county attorneys, clerks
of the district and county courts, sheriffs,
constables, and justices of the peace.

"Art. 948. The moneys required to be
reported embrace all moneys collected for
the State or county other than texes.

"Art. 949. Money collected by an officer
upon recognizances, bail bonds and other obli-
gations recovered upon in the name of the
State, under any provision of this Code, and
all fines, forfeitures, judgments and jury
fees, collected under any provision of this
Code, shall forthwith be paid over by the offi-
cers collecting the same to the county treasur-
er of the proper county, after first deducting
therefrom the legal fees and commissions for
collecting the same.

"Art. 950. The district or county attor-
ney shall be entitled to ten per cent of all
fines, forfeitures or moneys collected for the
State or county, upon judgments recovered by
him; and the clerk of the court in which said
judgments are rendered shall be entitled to
five per cent of the amount of said judgments,
to be paid out of the amount when collected.

"Art. 951. The sheriff or other officer,
except a justice of the peace or his clerk,
who collects money for the State or county,
except jury fees, under any provision of this
Code, shall be entitled to retain five per
cent thereof when collected."

The above quoted statutes regarding the payment
of commissions on money collected by the officers named
therein under the provisions of these statutes applies
only to money actually collected.

Under Article 1055, C. C. P., supra, the county
shall be liable for one-half of the fees of the officers
of the court, when the defendant fails to pay his fine and
lays his fine out in the county jail or discharges the same

by means of working such fine out on the county roads or on any county project. The county is not liable to the officer and witness having costs in a misdemeanor case where the defendant pays his fine and costs. Where the defendant lays his fine out in the county jail or discharges the same by means of working such fine out on the county road or on any county project, there is no money collected and no commission due the officers of the court because commissions are allowed only on money actually collected.

Therefore, you are respectfully advised that it is the opinion of this department that commissions on fines for officers cannot be included as part of the one-half costs that are paid by the county under Article 1055, C. C. P., supra.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By (S) Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED JAN 18, 1940

(s) Gerald Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By    BWB
Chairman